IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NEW MEXICO STATE
INVESTMENT COUNCIL, *et al.*,

      Plaintiffs,

v.                                                           No. 1:21-cv-0606 KG/DLM

BANK OF AMERICA CORPORATION, *et al.*,

      Defendants.

## MEMORANDUM ORDER AND OPINION

**THIS MATTER** is before the Court sua sponte.[1] In the Order staying this matter, the Court noted that "[t]his case's defining trait—and the reason the Court will GRANT the Motion to Stay—is its complexity." (Doc 230 at 1.) In granting the stay, the Court recognized that it cannot consider the scope of the Release because that is a question reserved for the United Stats District Court for the Southern District of New York (SDNY). (*Id.* at 6–7.) The SDNY issued a ruling on the issue, which Plaintiffs appealed to the United States Circuit Court for the Second Circuit (Doc. 234 at 1), leaving the Court on the horns of a familiar dilemma. If the Court proceeds with discovery, the best-case scenario is that the Court narrows the scope of discovery in exact alignment with the Second Circuit's eventual ruling on the SDNY Action, albeit after significant time and resource-intensive motions practice. At worst, however, the scope of discovery the Court permits could be directly in opposition to the Second Circuit's eventual ruling, requiring even more time and resources to remedy. The other option is, simply, to continue the stay. Accordingly, because the Second Circuit is reviewing the SDNY's ruling, the Court will continue the stay.

---

[1] For clarity and simplicity in this Order, the Court incorporates by reference the facts and procedural history in the Background section from the Memorandum Order and Opinion granting Defendants' Motion to Stay Proceedings. (Doc. 230 at 2–5.)

I. **Background**

On January 24, 2024, the Court stayed this case. (Doc. 230.) The Court determined that a stay would not prejudice Plaintiffs; that, absent a stay, Defendants would be unduly burdened; and that staying this matter would benefit the Court, third parties, and the public interest. (*Id.* at 7–12.) On January 26, 2024, the SDNY ruled that the Plaintiffs in this case are barred from presenting claims related to conduct that occurred before June 30, 2014, relating to CDS Transactions or Potential CDS Transaction. (Doc. 231-1 at 2–3.) On February 23, 2024, the parties filed a joint notice of appeal to the Second Circuit. (Doc. 234 at 1.) Pursuant to the Court's Order staying the case, the parties submitted a Joint Status Report on March 1, 2024. (Doc. 234.)  On March 18, 2024, the Second Circuit issued an expedited briefing schedule, ordering Plaintiffs to file an opening brief by April 22, 2024; a Response from Defendants by May 28, 2024; and a Reply from Plaintiffs by June 18, 2024. (Doc. 235-1 at 1.)

II. **Legal Standards**

Courts may stay cases as part of their inherent power to control their docket. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.") The exercise of that power, however, "calls for the exercise of judgment which must weigh competing interest and maintain an even balance." *Brown v. City of Las Cruces Police Dep't*, 347 F. Supp. 3d 792, 803 (D.N.M. May 7, 2018) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). When deciding whether to grant a stay, courts in this district consider the following: (1) the plaintiff's interests in proceeding with the case and the potential prejudice of a delay; (2) the burden on the defendant of continued litigation; (3) the convenience to the court; (4) the interests of third parties; and (5) the public interest. *See Silver v. City of Albuquerque*, No. 22-400 MIS/GBW, 2022 WL 9348637, at *1

(D.N.M. Oct. 14, 2022) (citation omitted). Those same factors are considered in determining whether to continue a stay. *See WildEarth Guardians v. U.S. Army Corps of Eng'rs*, Civil No. 15-00159 WJ/KBM, 2016 WL 9777189, at *2–6 (D.N.M. June 17, 2016) (determining whether to continue a stay pending the resolution of a related proceeding).

### III.     Discussion

The Court will continue the stay for the same reason it stayed the matter in the first place—the scope of the Release is unclear. Plaintiffs, however, contend that the matter may proceed because the Court may determine how discovery proceeds in this case. (Doc. 234 at 2.) The Court will, nevertheless, continue the stay because discovery will proceed according to the Second Circuit's ruling on the SDNY's decision. The manner in which discovery will proceed is inextricably tied to the Second Circuit's ruling, and just as the SDNY had sole jurisdiction to determine the scope of the Release, now only the Second Circuit has jurisdiction to determine whether the SDNY was correct. *See Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) ("An appeal . . . divests the district court of its control over those aspects of the case involved in the appeal.") (quotation marks and citation omitted).

Essentially, this case is in the same position as when the Court stayed the matter. The issue is whether, in the universe of this case, anything exists before June 30, 2014. Plaintiffs argue they may reach into the past, to a certain extent, to conduct discovery for events before June 30, whereas Defendants argue that June 30 is the first day of the universe of this case, and anything before that date functionally does not exist. The parties made the same arguments in the briefing on the Motion to Stay.[2] In other words, but for the issue now being reviewed before the Second Circuit, the case

---

[2] Plaintiffs claim that Defendants' position is new, but the Court notes that in their Reply to Plaintiff's Response to the Motion to Stay, Defendants argued that the Release includes "the release of any obligation to engage in expensive, time-consuming discovery related to [pre-June 30, 2014] conduct." (Doc. 228 at 5.)

is in the same position as when the Court first decided whether to stay the matter. The Court nonetheless will analyze whether anything has shifted the balance of the five factors.

### A. The five factors weigh in favor of continuing the stay.

The Court finds that Plaintiffs will not be prejudiced by continuing the stay. Plaintiffs' highlight Defendants' alleged "tactical delay," but as the SDNY found, Defendants did not take too long to assert any defense. (*See* Doc. 231-2 at 14–15.) Moreover, Defendants have acted with promptness in this litigation, and the "two year-plus tactical delay" was not because they, or Plaintiffs, acted improperly. Defendants filed a motion to dismiss the initial Complaint, after which the Plaintiffs filed the First Amended Complaint, and Defendants filed another motion to dismiss. (Docs. 140; 151; 157.) That process took about a year from the time of the initial filing of the Complaint to the filing of the second motion to dismiss. The following year was the length time necessary to decide Defendants' Motion to Dismiss. Accordingly, the cases Plaintiffs cite in support of lifting the stay are inapposite because the courts in those found the defendants had sought stays following improper delays. (*See* Doc. 234 at 2.) Additionally, the Second Circuit has ordered expedited briefing that will be complete by June 18, 2024, so the issue will not remain pending interminably. (Doc. 47-1.) The Court finds that Plaintiffs do not otherwise identify a reason to demonstrate that continuing the stay will prejudice them. Accordingly, the balance on this factor remains unchanged.

The Court finds that Defendants will be unduly burdened if the stay is not continued. Plaintiffs propose a narrowed version of the discovery protocols used in complex litigation. This would certainly narrow the scope of discovery, but the fact remains that Plaintiffs intend to seek pre-June 30, 2014 discovery, and any benefit from a narrowed protocol would be obviated by the motions practice related to pre-June 30, 2014 discovery. It is Defendants' position that they are

not obligated to produce any information on anything before June 30, 2014, and if Plaintiffs do not amend the FAC, they are prepared to file a motion to dismiss the portions of the FAC that rely on events before June 30, 2014. (Doc. 234 at 8.) The Court would be unable to decide that motion, however, until it is clear to what degree Plaintiffs may rely on information before June 30, 2014, which, of course depends on the Second Circuit's decision. Additionally, as Defendants highlight, the SDNY decision orders the dismissal of certain parties. (*Id.* at 10–11.) If the Second Circuit affirms the SDNY decision, then no matter how the Court were to have shaped discovery, two parties with no obligation to remain in the case would have been required to participate, even if by filing objections on the grounds that they are no longer parties. Accordingly, the Court finds that the balance on this factor remains unchanged and may very well weigh more heavily in favor of a stay than before.

      The Court further finds that continuing the stay benefits the Court, third parties, and the public interest. As the Court stated, Defendants intend to file a motion to dismiss the portions of the FAC that rely on events before June 30, 2014. Based on the briefing and time involved in deciding Defendants' 2022 Motion to Dismiss, even deciding whether to dismiss only the pre-June 30, 2014 claims would occupy a significant amount of the Court's resources. Moreover, as the Court stated in staying the case, at best the Court's decision would align with the Second Circuit's, but at worst, it would spawn a rash of motions necessary to remedy decisions that conflicted with the Second Circuit's ruling. (*See* Doc. 230 at 12–13.) Third parties would also benefit by knowing what discovery they are required to produce, and the Defendants that the SDNY decision ordered be dismissed would know whether they would convert into third parties or remain in the matter.

      Lastly, there is a strong public interest in continuing the stay in this matter. As the Court stated in the Order staying this matter, a stay "ensures this matter adheres to a judgment in a related

5

proceeding that enforced antitrust laws with incredible speed and diligence." (*Id.* at 12.) The Court finds there is nothing that changes the balance of this factor.

### IV. CONCLUSION

The Court will continue the stay in this matter. The parties' arguments fundamentally relate to the scope of the Release itself. The SDNY has already ruled on the scope of the Release, and the decision is now on review before the Second Circuit, so this Court may not opine on the matter. In other words, the situation facing the Court now is nearly identical to that which the Court faced when it decided the Motion to Stay. The analysis is, appropriately, nearly identical as well, and the Court finds that each of the five factors weighs in favor of continuing the stay.

**IT IS THEREFORE ORDERED** that the stay in this matter shall be continued.

**IT IS FURTHER ORDERED** that

(1) The parties file a Joint Status Report every **90 days from June 18, 2024**, on the status of the Second Circuit proceedings;

(2) Defendants shall file a notice **no later than seven days** after the Second Circuit issues a decision on the appeal; and

(3) **No later than 90 days** after the Second Circuit issues a decision, the parties shall file a Joint Status Report on whether and to what extent discovery may proceed, or the moving party shall file a notice informing the Court they intend to file a petition for a writ of certiorari to the Supreme Court.

**IT IS SO ORDERED.**

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE